## STEPHENS v. BROWN, Executor of ROBERTS.

September 28, 1838.

*Motion for a rule to set aside execution.*

R. made a deed of real estate to N. in trust to receive the rents, &c., and pay them to his wife and children. Before the deed, R. had contracted a debt with S.; R. died leaving it unpaid. R. after the deed made a will in which his wife and children were devisees, and of which B. was executor. N. being superseded in the trust by G. made an assignment accordingly. S. sued B. as executor of R., for his debt, obtained judgment, issued execution, and levied on the real estate, comprehended in the deed of trust: *Held*, that the court would not set aside the execution under the 34th section of the act of 24th February, 1834, relating to executors and administrators, on the ground that the widow and children had not been made parties to the suit.

BY deed dated April 18, 1834, Roberts (the testator,) conveyed all his real estate to Norris, in trust to receive the rents and profits, and pay the same over in certain proportions to the wife and children of Roberts. Previously to the making of the deed of trust, Roberts had contracted a debt with the plaintiff and died leaving it unpaid. Norris had been superseded in the trust by Gerhard, and made an assignment accordingly. The plaintiff brought suit against the defendant as executor, &c., without making the widow of Roberts, or any of his children, (all of whom were devisees under the will,) parties. In this suit judgment was recovered, and an execution issued thereon was levied on real estate comprehended in the deed of trust.

*F. W. Hubbell* and *Gerhard*, on behalf of the widow and children of Roberts, moved for a rule to show cause why this execution should not be set aside, founding their motion upon the 34th section of the act of 24th February, 1834, relating to executors and administrators, and contended that it was the duty of the court to set aside the execution, since it was shown that the testator had left a wife and children, who had not been made defendants in the action in which the judgment, on which the execution had been issued, had been recovered.

It was answered by *Hopkins* for the plaintiff, that the intention of the act was to protect the interest of the heirs, devisees, &c.,

[Stephens v. Brown.]

in real estate which passed to them either as heirs or devisees. And therefore where such estate was intended to be charged, they were to be made defendants. But in the present case, the real estate which had been levied on, was comprehended in the deed of trust, and the purpose of the plaintiff was to test the validity of this. If valid, a sale under this execution, would give no title, and the widow and children receive no detriment. And even if fraudulent, the deed must be taken as good against them.

PETTIT, *President.*—The 34th section of the act of 24th February, 1834, protects the rights of a widow, and of heirs and devisees not made parties, and not served with notice, where an action is brought against executors or administrators of a decedent who shall have left real estate. If the widow and children of the decedent, here, have interests in the real estate levied on, they will not be affected by a sale under the judgment obtained in this action, inasmuch as the ˙evy, in such a case, is entirely inoperative as to those interests. Looking to the security of the rights of the widow and children, there is then no necessity for the summary interference of the court, and we are uniformly careful to avoid deciding any questions of title on applications to set aside proceedings under judgments.

If the plaintiff desires to contest the validity of the deed of trust, or the validity of the will, or desires any other facts essential to the support of the claim of those asserting title, as wife, heirs, and devisees, questions will be presented which must be determined by trial by jury. A purchaser at a sale under the execution will be obliged to ascertain in an action of ejectment, whether he has acquired any thing for his bid or not.

STROUD, J.—I can discover no motive for the course which the plaintiff has pursued, admitting his claim to have been a just one entitling him to a judgment. But I am equally at a loss to see how the widow and children can be prejudiced by suffering the execution to be prosecuted. The act of assembly certainly protects any interests they may have in real estate levied on, *not* derived under the deed of trust. And if the deed of trust be valid, they are safe under it. I do not see that the widow or children can be at all affected by the plaintiff's omission.

21*

[Stephens v. Brown.]

There is besides an objection to the *summary* interference which has been asked. How can we determine who are heirs, &c.? The legality of the marriage of the decedent may be involved in the inquiry. Trial by jury is the proper mode of determining such questions, and this can be had only in an eject-ment, should a sale take place under the execution.

Jones, J.—The question is, whether Roberts *left real estate* in the sense of the Act of the 24th February, 1834, section 34. Can it be said that a decedent *has left real estate,* except where it de-scends to his heir? and in this case if it descended, upon the decease of Roberts, to his heir, how could Mr. Norris, the trustee of Roberts, convey any thing to Mr. Gerhard, who claims to succeed Mr. Norris in the trust? If a man fraudulently conveys his real estate to his children, and then dies, and one of the cre-ditors of the decedent obtains a judgment against his administra-tor, this act of assembly will not prevent him from levying the lands so conveyed, without notice to the heirs of the fraudulent grantor, because, as alienees they would be estopped from alleg-ing that they hold by descent. In this case the devise is of an equity which is not levied by a seizure of the *corpus* of the fee which did not descend if the deed be valid; and if the deed be fraudulent as it respects the plaintiff in this execution, yet the lands conveyed by it cannot be demanded by the heirs of Roberts, *as real estate which descended to them,* because they are bound by the deed of their ancestor, as well where it is fraudulent in re-spect to creditors, as where it is made *bona fidê* upon a valuable consideration, and is valid against all persons, and to all intents and purposes. My opinion is, that the rule to set aside this exe-cution should be discharged.

Rule refused.